Calvin B. MAYFIELD,
Plaintiff–Appellant,

v.

James A. COLLINS, Director Texas Department of Criminal Justice, Institutional Division, Defendant–Appellee.

No. 90–2478
(Summary Calendar).

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1990.

Rehearing Denied Jan. 2, 1991.

---

**2.** *D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) (*codified at 12* U.S.C. § 1823(e)).

Calvin B. Mayfield, Rosharon, Tex., pro se.

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

POLITZ, Circuit Judge:

We have before us the 38th civil rights complaint filed by Calvin B. Mayfield, a Texas state prisoner. This *pro se* and *in forma pauperis* 42 U.S.C. § 1983 suit was dismissed as frivolous under 28 U.S.C. § 1915(d). Mayfield appealed. He seeks appointment of counsel and bail pending appeal of this civil rights action. We deny the motion for appointment of counsel, of course deny the motion for bail pending appeal, dismiss the appeal as frivolous and impose a sanction on Mayfield, one designed to avoid the waste of increasingly scarce judicial resources.

## Background

After this action was filed the district court entered an order barring Mayfield from filing any further *pro se in forma pauperis* civil rights suits unless Mayfield paid all costs and sanctions previously imposed. In this complaint Mayfield raises a plethora of vague and largely incomprehensible claims. He complains of problems with the indigent mail service, of an inadequate diet, of no talking, of a disallowance of witnesses on his behalf, of insufficient cell space, that the showers are too distant and he gets cold walking to them, that he had inadequate soap to clean his toilet, that he needs a television set in his cell because the other inmates talk too loudly in the dayroom, that the heating and cooling facilities are inadequate, that the prison is overcrowded, that he is denied equal protection of the laws because he can only have two boxes of matches a week, that religious diets are not accommodated, that he wants a black chaplain or rabbi, and that the prison needs a chorus of all races to sing together.

The magistrate ordered a more definite statement and Mayfield filed an amended complaint which clarified little but raised new claims. The amended complaint was stricken as an attempt to circumvent the court's prohibitory-filing order. A more responsive second amended complaint was filed. It also contained new allegations which were stricken.

The district court found most of Mayfield's allegations to be duplicative of prior filings or frivolous, and dismissed them under 28 U.S.C. § 1915(d). The balance of the allegations, those referring to prison conditions, were put at issue in the class action suit, *Ruiz v. Estelle*, 503 F.Supp. 1265 (S.D.Tex.1980), *aff'd in part and vacated in part*, 679 F.2d 1115 (5th Cir.), *amended in part*, 688 F.2d 266 (5th Cir. 1986), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983), and therefore may not form the basis of an independent cause of action. *Green v. McKaskle*, 788 F.2d 1116 (5th Cir.1986). These latter allegations were dismissed without prejudice. Mayfield appeals.

## Analysis

The bulk of Mayfield's claims were dismissed as frivolous under 28 U.S.C. § 1915(d). Since the Supreme Court's decision in *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), dismissal of an IFP suit as frivolous is proper if (1) the claim's realistic chance of ultimate success is slight, or (2) the claim has no arguable basis in law and fact. *Pugh v. Parish of St. Tammany*, 875 F.2d 436 (5th Cir.1989). "District courts have broad discretion in determining whether a complaint is frivolous under § 1915(d)." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989).

All of Mayfield's non-frivolous claims are duplicative of previously litigated issues or

are included in the subject matter covered by the *Ruiz* resolution. In this his 38th attempt Mayfield raises no valid, justiciable issue. His complaint has resulted only in the waste of judicial resources at the trial and appellate levels. This we cannot countenance.

■ We find this appeal frivolous and dismiss it. Loc.R. 42.2. We further impose this sanction. Effective immediately, and until further order of this court, all clerks of court subject to the jurisdiction of this court, shall decline to accept and file any civil rights complaint submitted *pro se* by Calvin B. Mayfield unless the complaint has been presented first to a judge of this court, or to a district judge, who has specifically authorized the filing.

APPEAL DISMISSED; SANCTION IMPOSED.