Calvin B. MAYFIELD, Plaintiff–
Appellant,

v.

Johnny KLEVENHAGEN, et al.,
Defendants–Appellees.

Calvin B. MAYFIELD, Petitioner–
Appellant,

v.

Melinda HARMON, United States
District Judge, Respondent–
Appellee.

Nos. 91–2166, 91–2167
(Summary Calendar).

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 1991.

---

Calvin Mayfield, pro se.

No appearance for defendants-appellees.

Before POLITZ, KING, and EMILIO M. GARZA, Circuit Judges.

POLITZ, Circuit Judge:

Considering the similarity in the dispositive issue, *Mayfield v. Klevenhagen*, No. 91–2166, and *Mayfield v. Harmon*, No. 91–2167, are consolidated for purposes of appeal. Mayfield's motions for appointment of counsel in both cases are denied, his motions for leave to proceed *in forma pauperis* are granted, and his motion for bail pending appeal in *Klevenhagen* is denied.

### Background

Calvin Mayfield is a Texas state prisoner who, over the years, has inundated the federal court system with frivolous civil rights actions and petitions for habeas corpus relief. As a result, he has been sanctioned by both the district and appellate courts. On April 26, 1990, Judge Hoyt entered an order imposing monetary sanctions on Mayfield and providing that he must not

> file or attempt to file any more suits in the federal court until he complies with [the monetary sanctions]. If plaintiff does try to file a new suit, he is admonished that he may be cited for contempt of court, be tried, and, if convicted, be punished in accordance with the law. Such punishment may include a term of confinement consecutive to those sentences he is now serving.

On December 7, 1990 we affirmed and imposed the following additional sanction:

> Effective immediately, and until further order of this court, all clerks of court subject to the jurisdiction of this court, shall decline to accept and file any civil rights complaint submitted *pro se* by Calvin B. Mayfield unless the complaint has been presented first to a judge of this court, or to a district judge, who has specifically authorized the filing.

*Mayfield v. Collins*, 918 F.2d 560, 561–62 (5th Cir.1990). On September 20, 1990, in a separate but similar suit Judge James De-Anda, Chief Judge of the Southern District of Texas, ordered that, in the event that Mayfield paid all outstanding monetary sanctions and attempted to file an additional complaint, the complaint must first be presented to the judge to whom it would be

assigned for a determination that the suit is not frivolous. Under Judge DeAnda's order, if the suit is found to be frivolous it is to be dismissed immediately and Mayfield is to be ordered to show cause why he should not be held in contempt.

On September 7, 1990, after the district court prohibited future filings without the payment of outstanding sanctions but prior to our affirmance and Judge DeAnda's additional sanctions, Mayfield filed an action styled as a section 1983 action, as well as a habeas action, against Johnny Klevenhagen, Harris County Sheriff, and several other state officials. The suit, which alleged that he had been arrested and imprisoned illegally, was filed in the United States District Court for the District of Columbia. The D.C. court transferred the action to the Southern District of Texas where it was dismissed as violative of the orders of both the district and appellate courts. In addition Mayfield was ordered to pay $300 for his "deliberate efforts to circumvent court orders." Mayfield appeals this ruling in No. 91–2166.

Three weeks later, on September 27, 1990, still prior to our affirmance but after the imposition of Judge DeAnda's order, Mayfield filed another suit in the district court for the District of Columbia. That suit alleged that Judge Melinda Harmon, United States District Judge for the Southern District of Texas, had unreasonably delayed the disposition of a suit Mayfield had filed in 1988 questioning the legality of his confinement. Again the D.C. court transferred the case to the Southern District of Texas and again the suit was dismissed as violative of the orders of the district and appellate courts. A sanction of $400 was imposed. Mayfield appeals this ruling in No. 91–2167.

### Analysis

■ The trial court correctly found that Mayfield was attempting to circumvent the orders of the court by filing his actions in the District of Columbia. After the district court's order prohibiting future *pro se* filings, Mayfield had to be aware of the response with which his petitions would be met. Liberally construed, Mayfield's actions seek habeas relief and/or a writ of mandamus as well as recovery under 42 U.S.C. § 1983. None of these actions are appropriate in a foreign venue. A state prisoner may seek federal habeas relief "either in the district where he is confined or the district where the sentencing court is located." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Mayfield was tried and sentenced in Texas; he is confined in Texas. The District of Columbia was also an improper venue for a petition for a writ of mandamus against Judge Harmon. Such a writ may be granted only in the aid of the court's jurisdiction. *See* 28 U.S.C. § 1651; *Moye v. Clerk, DeKalb County Superior Court,* 474 F.2d 1275 (5th Cir.1973). Inasmuch as the district court for the District of Columbia has no jurisdiction over Mayfield's habeas claims it has no jurisdiction over a writ seeking to compel rulings on such claims. Further, as the alleged section 1983 violation arose in Texas and all defendants reside therein, the District of Columbia was not the proper venue in which to seek that genre of relief.

■ By signing his complaints Mayfield certified that, after a reasonable inquiry, to the best of his knowledge, information, and belief, the matters in his complaint were well-grounded in fact and warranted by existing laws. A reasonable inquiry would have disclosed to Mayfield that the filings in the District of Columbia were not warranted by existing law. It was well within the district court's discretion to dismiss the actions and to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure. Although *pro se* litigants are given considerable latitude, Mayfield has consumed his portion of the court's patience and then some. Mayfield has filed more actions in this court than most attorneys. His wasting of increasingly scarce judicial resources must be brought to an end.

We agree with the trial court that the filing of these actions was an attempt to circumvent the orders of the district court. *Klevenhagen* was filed after Judge Hoyt's order but prior to the orders of Judge

DeAnda and this court. *Harmon* was filed in between Judge DeAnda's order and our affirmance of Judge Hoyt. The suits were filed prior to our affirmance and we therefore cannot agree with the trial court that they were filed in an attempt to circumvent our order. But that correction does not affect the vitality or validity of the actions or the propriety of the court's dismissals.

*Klevenhagen* was filed in violation of the order of Judge Hoyt. *Harmon* was filed in violation of the orders of both Judge Hoyt and Judge DeAnda. We affirm the dismissal and imposition of sanctions in both cases. Moreover, until all monetary sanctions now pending against him are paid, Mayfield may file no further appeal in this court *in forma pauperis* and, after such sanctions are paid, may do so only if the appeal has been certified by the district court as filed in good faith. The clerk of this court is directed to return to Mayfield, unfiled, any attempted submission by Mayfield which is not consistent herewith.

The judgment in each of the consolidated cases is, in all respects, AFFIRMED.

SANCTION IMPOSED.