**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————————

No. 95-20204
(Summary Calendar)

———————————————

MICHAEL THOMAS HUMPHREY,

                              Plaintiff-Appellant,

versus

J. F. LUNA,

                              Defendant-Appellee.

**CONSOLIDATED WITH**

———————————————

No. 95-20212
(Summary Calendar)

———————————————

MICHAEL THOMAS HUMPHREY,

                              Plaintiff-Appellant,

versus

WARLORD, Sgt., MURCHINSON,
Officer, and BUTCHER, Officer,

                              Defendants-Appellees.

**CONSOLIDATED WITH**

———————————————

No. 95-20253
(Summary Calendar)

———————————————

MICHAEL THOMAS HUMPHREY,

                              Plaintiff-Appellant,

versus

G. L. JOHNSON,

                              Defendant-Appellee.
_____

Appeal from United States District Court
for the Southern District of Texas
(CA-H-94-4421)
_____
June 21, 1995

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Michael Thomas Humphrey is an *in forma pauperis* Texas state prisoner who has earned a reputation as a frequent filer of frivolous § 1983 actions in the Southern District of Texas, Houston Division. After almost twenty suits which Humphrey filed in Houston failed to earn him any victories, he resorted to filing his claims in the federal district court in the Eastern District of Texas, Tyler Division, although that court was one of improper venue for the claims Humphrey raised. Another obvious reason Humphrey moved his filing practices to Tyler is that he finally had been sanctioned by the district judge in Houston, who had finally had enough of Humphrey's proclivity for filing suits. By Humphrey's own count, he filed at least twenty-five suits in Tyler. However, only three of those cases form the basis for the instant appeal. The district court in Tyler transferred the three suits south to their proper venue in the Houston district court.

In Houston, Humphrey's transferred suits were not greeted by the Houston judge with any more hospitality than the other suits which Humphrey had filed directly in that court. The Houston judge, being all too familiar with Humphrey's filing practices, dismissed all three of the suits *sua sponte* pursuant to 28 U.S.C.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

§ 1915(d), finding that they were malicious and/or frivolous. The court observed that Humphrey has engaged in a pattern of filing suits which require transfer and which successively raise the same claim, and he has failed to prosecute the cases he files. The district court also noted that Humphrey had been sanctioned by that court for his continued abuse of the judicial system and that he had been barred from filing any more suits without prior judicial approval. The district court was convinced that Humphrey maliciously had begun filing suits in the Tyler venue to avoid the judicial review bar imposed in Houston. In two of the instant cases, Humphrey was assessed sanctions of $55 and $60, respectively, in addition to having his claims dismissed pursuant to § 1915(d). Humphrey has appealed the orders of dismissal in each of the three suits.

Although the cases were appealed separately, we have consolidated them because they involve essentially the same allegations. The three suits at issue were § 1983 actions filed in Tyler against various prison officials during the three successive months of August, September, and October of 1990. The suits complain of numerous alleged constitutional violations concerning Humphrey's prison experience.

## DISCUSSION

Liberally construed, Humphrey's appellate briefs argue that the district court erred in dismissing his actions. Humphrey's briefs and notices of appeal also contain additional allegations and requests which were not presented to the district court. These

3

additional claims include the request of a class action certification, allegations of sexual harassment, failure to protect from violent inmates, inadequate ventilation, and an inadequate variety of food at mealtimes. To the extent that Humphrey is raising new issues on appeal, "issues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Humphrey's issues would necessarily involve fact questions not asserted below. Therefore, this court need not consider them.

Pursuant to 28 U.S.C. § 1915(d), a district court may dismiss an *in forma pauperis* complaint if it determines that the action is frivolous or malicious. This court reviews a district court's § 1915(d) dismissal for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1734 (1992).

A review of all three of the complaints Humphrey filed reveals that the district court did not abuse its discretion in dismissing his claims. The complaints by and large contain "stream of consciousness" lists of alleged acts of wrongdoing on the part of prison officials, most of which reveal themselves to be frivolous, if not ridiculous, by their very nature. Humphrey's complaints range from allegations that the prison "do[es] not serve enough syrup with the pancakes" and that they do not serve salt and pepper, to his commentary that the bunks need to be repainted, the "water taste[s] bad," and that the guard "rolls the door to [sic

4

fast."  Other of Humphrey's allegations contain vague assertions of harrassment or mistreatment by prison guards on isolated occasions and also reports of isolated instances of prison inconveniences, such as an occasion in which he was not permitted to shower and did not have a fresh change of sheets for his bed or a fresh change of clothes (apparently while he was on some sort of disciplinary detention).

The second and third suits filed by Humphrey raise essentially the same claims as his first suit.  However, our use of the terms "first," "second," and "third" when referring to these appealed cases is actually a misnomer because, as noted above, these three suits are not the only suits Humphrey has filed.  He has filed at least eighteen suits in the Houston Division and by his own count at least twenty-five suits in Tyler.  This court has held that it is malicious for a pauper to file successive IFP suits that duplicate claims made in other pending or previous lawsuits. Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits).  Because Humphrey's second and third suits raise essentially the same claims as his "first" suit, they were properly dismissed by the district court as malicious and abusive of the legal process because they were successive in nature. Moreover, both suits were filed in the district court in Tyler after the Houston court issued the judicial review bar requiring that Humphrey obtain judicial approval prior to filing any more suits.  Humphrey also abused the legal system in his attempt to

5

circumvent the Houston Division district court's sanction of judicial review prior to filing by deliberately filing actions in the Eastern District of Texas, Tyler Division, which require transfer to the Southern District of Texas, Houston Division. By Humphrey's own admission he has filed seven civil suits in the Houston Division and over twenty-five cases in the Tyler Division within three months of the case in which he was sanctioned with judicial review of his prospective lawsuit pending any filing.

As to Humphrey's "first" suit, we are unable to specifically verify whether any of Humphrey's numerous allegations therein had previously been raised in any of his many suits. However, given the sheer volume of prior suits filed, we consider it highly probable that Humphrey's complaints about the conditions of his confinement raised in the "first" suit were successive. In any event, the claims raised therein were properly dismissed.[1] Moreover, although Humphrey filed his "first" suit in Tyler prior to the issuance of the judicial review order in the Houston court,[2] he undoubtedly resorted to filing in Tyler in the first instance because of the reputation he had earned in Houston. Thus, a spirit of maliciousness clearly motivated his actions. Humphrey has become one of an ever-increasing number of recreational litigators who populate our prisons. See Gabel v. Lynaugh, 835

---

[1]Humphrey's claims are not unlike the "plethora of vague and largely incomprehensible claims" relating to daily prison life which were held to have been properly dismissed in Mayfield v. Collins, 918 F.2d 560, 561 (5th Cir. 1990).

[2]The judicial review order was issued August 30, 1994. Humphrey's first suit was filed in Tyler on August 15, 1994.

F.2d 124, 125 n.1 (5th Cir. 1988) (per curiam) ("pro se civil rights litigation has become a recreational activity for state prisoners in our Circuit"). His jailhouse lawyering constitutes a flagrant abuse of the judicial system which cannot be tolerated. See Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975) ("[N]o one, rich or poor, is entitled to abuse the judicial process."). In order to protect the district courts within our territorial jurisdiction from further abuse by Humphrey, we have concluded that a judicial review restriction like the one previously imposed by the Houston court should be imposed for the entire Fifth Circuit. Thus, before Humphrey can file any claims in the future in any federal district court in the circuit, he must obtain prior judicial approval.

## Conclusion

We AFFIRM the district court's dismissal of Humphrey's suits and ORDER that a judicial review restriction is hereby imposed throughout the entire Fifth Circuit, barring Humphrey from filing any more suits in the federal district courts without prior judicial approval. Thus, no Clerk of Court within this circuit's territorial jurisdiction shall accept for filing any petition filed by Michael Thomas Humphrey without prior judicial approval. Humphrey's failure to comply with this condition will result in the imposition of additional sanctions by this court.