IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11226
Conference Calendar

_____

CHARLES DEWAYNE THORNTON,

Plaintiff-Appellant,

versus

DAVID W. WILLIAMS, Etc.; ET AL.,

Defendants,

DAVID W. WILLIAMS, Sheriff,
Tarrant County; SCOTT WISCH, Judge,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1493-A
--------------------
June 13, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Dewayne Thornton, Texas inmate #0541804, proceeding *pro se* and *in forma pauperis*, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint. Thornton contends that the defendants violated prison policy by opening his legal mail outside of his presence and by delaying for five days the return of the mail. Thornton also contends that the district court abused its discretion by denying his motion for an injunction against Judge Wisch.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The violation of a prison regulation that requires a prisoner's presence when incoming legal mail is opened and inspected does not implicate constitutional concerns. *See Brewer v. Wilkinson*, 3 F.3d 816, 825 (5th Cir. 1993). Because Thornton has not shown actual injury as a result of a delay in the return of his legal mail, he has not demonstrated a violation of his constitutional right of access to the court. *See Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

Federal courts are prohibited from granting an injunction to stay state court proceedings. 28 U.S.C. § 2283. The suppression of evidence in a criminal proceeding would require the district court to issue a writ of mandamus to a state judge, which would be improper. *See, e.g., Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991).

Accordingly, the district court did not err in dismissing Thornton's civil rights complaint. Though the district court did not identify the specific grounds for its dismissal under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(b), the district court's order shows that the dismissal was for either frivolousness or failure to state a claim. We affirm.

The district court's dismissal of Thornton's complaint counts as one strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). We caution Thornton that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED; ALL OUTSTANDING MOTIONS DENIED.