**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 00-40031**

---

**JAIME DOMINGUEZ,**

**Plaintiff-Appellant,**

**versus**

**WAYNE SCOTT, Director, Texas Department of Criminal Division, Institutional Division; GARY L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division; TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(1:99-CV-675)**

---

July 5, 2001

Before WIENER, BARKSDALE, and Emilio M. GARZA, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:[1]

The linchpin to this appeal is the enforceability of sanctions orders imposed by another court. A district judge enforced sanctions imposed in another district and, therefore, dismissed *without prejudice* this *pro se* § 1983 action filed by Jaime Dominguez. (Dominguez had *not* appealed those earlier sanctions.) We conclude the district judge did *not* abuse his discretion. **AFFIRMED.**

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Two previous *pro se* prisoner actions Dominguez filed in federal court are relevant to the case at hand. In the first, he sued several police officers. The district court for the Northern District of Texas, the Honorable Sam R. Cummings, dismissed Dominguez's action with prejudice for failure, despite numerous warnings by the court, to comply with the defendants' discovery requests. **Dominguez v. Stuart**, No. 6:94-CV-38 (N.D. Tex. 15 Sept. 1995) (order). Judge Cummings ordered Dominguez to pay the defendants' costs and fees incurred defending the action — $3,000 — and barred Dominguez from future filings until he did so. **Id.** *Dominguez did not appeal the sanction.*

In the second action, again *pro se* and before Judge Cummings, Dominguez alleged officials of the Texas Department of Criminal Justice: denied him access to the courts in that a county jail did *not* have a law library or provide any access to law books and did *not* provide adequate telephone usage; were deliberately indifferent to his serious medical needs; did *not* provide enough recreation; and tampered with his mail. Concluding that Dominguez was attempting to circumvent the sanction in the first action by supplementing the complaint in the second action, Judge Cummings ordered: "Plaintiff shall be and he is hereby barred from filing future lawsuits". **Dominguez v. Skains**, No. 6:94-CV-70 (N.D. Tex.

24 May 1996) (order). *Once again, Dominguez did not appeal the sanction.*[2]

In 1999, Dominguez brought this *pro se* (third) action in a different district — the Eastern District of Texas. He claimed, *inter alia*, Defendants had violated the Americans with Disabilities Act and 42 U.S.C. § 1983 by failing to provide adequate services to hearing-impaired prisoners. Pursuant to the local rule established by General Order 94-6 of the Eastern District of Texas, Judge Howell Cobb enforced the sanction imposed in the Northern District. ***Dominguez v. Scott***, No. 1:99-CV-657 (E.D. Tex. 27 Oct. 1999) (order). Judge Cobb dismissed the action "*without prejudice* until plaintiff has fulfilled the sanctions imposed by the Northern District of Texas". ***Id.*** (emphasis added). (Although Judge Cobb referenced both the ***Stuart*** sanction (bar until $3,000 paid) and the ***Skains*** sanction (absolute bar), it is unclear if he relied on both, or on only the ***Stuart*** sanction, in dismissing the action. In suggesting Dominguez could "fulfill" the sanctions and return to the court, it appears he relied upon only the ***Stuart*** $3,000

_____

[2]In ***Skains,*** Dominguez appealed the order striking his supplemental complaint, but, as stated, did *not* appeal the sanction. *See **Dominguez v. Skains***, No. 96-10666 (5th Cir. 27 Nov. 1996). Our court concluded it lacked jurisdiction because "[t]he district court's order striking Dominguez's supplemental complaint is *not* an appealable final order, has *not* been properly certified as final by the district court, is *not* an appealable interlocutory order, and is *not* appealable under the collateral order doctrine". ***Id.*** (emphasis added).

sanction because the *Skains* sanction is an unconditional, absolute bar.)

## II.

Admitting he has *not* paid the $3,000 sanction, Dominguez maintains the dismissal of this action was improper, denying him access to the courts. Therefore, at issue is *whether Judge Cobb's enforcement* of the sanctions was an abuse of discretion in unconstitutionally denying access to the courts, *not whether Judge Cummings' imposition* of the sanctions resulted in such denial.

A district court's sanction of a vexatious or harassing litigant is reviewed for abuse of discretion. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Along this line, a court should impose the least severe sanction adequate. *Id.* at 196; FED. R. CIV. P. 11(c)(2). As an example, a district court may bar a litigant from filing future civil rights actions unless he obtains the approval of a district or magistrate judge. *E.g.*, *Murphy v. Collins*, 26 F.3d 541, 544 (5th Cir. 1994) ("most of" litigant's 15 prior complaints had been dismissed as frivolous or for failure to prosecute); *Mayfield v. Collins*, 918 F.2d 560, 562 (5th Cir. 1990) (sanctions imposed on litigant's thirty-eighth complaint); *but see Mendoza*, 989 F.2d at 196 (prior approval sanction was abuse of discretion when imposed on litigant's second complaint). On the other hand, "the imposition of sanctions must *not* result in total, or even significant, preclusion of access to the courts". *Thomas*

4

*v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 882 n.23 (5th Cir. 1988) (en banc) (emphasis added).

Pertinent to the issue at hand, a district court may require an indigent litigant to pay a monetary sanction imposed in a previous action before filing a new one. *Gelabert v. Lynaugh*, 894 F.2d 746, 747-48 (5th Cir. 1990) (finding district court did *not* abuse its discretion in requiring litigant, before proceeding, to pay $10 sanction imposed in earlier case); *Moody v. Miller*, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989) (noting Fifth Circuit's decision to prohibit frivolous litigant "from prosecuting any more [*in forma pauperis*] appeals, absent certification of his good faith by the district court, until he paid the sanctions [totaling $980] in six of these cases").

As stated, at issue here is whether Judge Cobb's sanctions-enforcement was an abuse of discretion in unconstitutionally denying access to the courts, *not* whether Judge Cummings' sanctions-imposition resulted in such denial. As discussed, the underlying sanctions in *Stuart* and *Skains* – a bar on future actions until the $3,000 fees were paid in the former, and an absolute bar on filing future actions in the latter – were *not* appealed when imposed. Restated, those sanctions are *not* before us on appeal. Accordingly, we *cannot* review *whether Judge Cummings* abused his discretion in imposing those sanctions.

Our research has revealed *no* cases in which our court, or any other, has held that *enforcement* of a *previously imposed sanction* – whether imposed by that court or another, whether appealed or not – would result in the denial of access to the courts to a *pro se* prisoner. It has revealed only one case of precedential value addressing enforcement of *another court's unappealed sanction*. In ***Clark v. United States***, No. 94-10899, 52 F.3d 1066 (5th Cir. 1995) (unpublished precedential), the district court honored another district court's order that Clark pay a $50 fine before filing an *in forma pauperis* civil rights action. As in the case at hand, Clark had *not* appealed the sanction. Our court reviewed the order imposing the sanction and simply "agree[d] that it [was] well worth honoring". ***Id.*** In the absence of analysis, this precedent does *not* assist in our decision, other than to affirm what is obvious: one district court may enforce another's sanctions.

Regarding the question of whether, in this action, access to the courts has been denied, Dominguez's access was *not* denied; instead, it was postponed. If he desires to proceed further with this action, he can return to the Northern District of Texas and, among other things, file a motion under Rule 60(b) of the Federal Rules of Civil Procedure, requesting that Judge Cummings modify the sanctions.[3] Along this line, our court need not, *and indeed should*

---

[3]Should such a request be denied, Dominguez could, of course, appeal.

6

*not*, reach the constitutional question of denial of access until all other means of challenging the sanctions are foreclosed. *Cf. Ysleta Del Sur Pueblo v. Texas*, 36 F.3d 1325, 1332 (5th Cir.) ("we should *not* reach constitutional issues when a case can be resolved on other grounds" (emphasis added)), *cert. denied*, 514 U.S. 1016 (1995).

## III.

In short, Judge Cobb did *not* abuse his discretion by dismissing this action *without prejudice*.

*AFFIRMED*