IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31221
Conference Calendar

_____

BILLY M. McCOY,

Plaintiff-Appellant,

versus

JERRY L. JONES;
DANIEL MILTON MOORE, III;
JIMMY N. DIMOS; JERRY FINLEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-770
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Billy M. McCoy, Louisiana prisoner # 75868, proceeding pro
se and in forma pauperis (IFP), appeals the dismissal as
frivolous of his 42 U.S.C. § 1983 complaint against District
Attorney Jerry L. Jones, Judge Daniel Milton Moore, III, and his
defense attorneys, Jimmy N. Dimos and Jerry Finley. Because
McCoy does not allege that any defendant was acting outside the
scope of his duties as prosecuting attorney, judge, or defense
attorney, each of these defendants is immune from suit for money

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

damages.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981);
see also Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994).

Although McCoy amended his complaint to seek injunctive and
declaratory relief, FED. R. CIV. P. 15(a), those claims are
meritless as well.  All of McCoy's claims are challenges to the
fact or duration of his custody, and his sole relief is a writ of
habeas corpus.  See Preiser v. Rodriquez, 411 U.S. 475, 499
(1973).  This appeal is without arguable merit and, thus,
frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir.
1983).  Because the appeal is frivolous, it is DISMISSED, and
McCoy's request for the appointment of counsel is DENIED.  5TH
CIR. R. 42.2; Mayfield v. Collins, 918 F.2d 560 (5th Cir. 1990).

The three-strikes provision of 28 U.S.C. § 1915(g)
"prohibits a prisoner from proceeding IFP if he has had three
actions or appeals dismissed for frivolousness, maliciousness, or
failure to state a claim."  Carson v. Johnson, 112 F.3d 818, 819
(5th Cir. 1997).  McCoy has previously had at least one strike
against him.  McCoy v. Stalder, No. 97-48-A-1 (M.D. La. Mar. 10,
1997).  McCoy has acquired another two strikes as a result of
this frivolous complaint and appeal.  See Adepegba v. Hammons,
103 F.3d 383, 386-88 (5th Cir. 1996).  He now has at least three
strikes.  Accordingly, McCoy may no longer proceed IFP in any
civil action or appeal filed while he is incarcerated or detained
in any facility unless he is under imminent danger of serious
physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED; REQUEST
FOR COUNSEL DENIED.