# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30297
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2014

Lyle W. Cayce
Clerk

JESSE RAMIREZ,

　　　　　　　　　　　Plaintiff-Appellant

v.

CAPTAIN COTRETTE; ASSISTANT WARDEN MA'AT; ASSISTANT WARDEN BOWE; ASHE CARLSON; WARDEN MARTINEZ,

　　　　　　　　　　　Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-727

Before DeMOSS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

　　Jesse Ramirez, federal prisoner # 31805-180, appeals the district court's dismissal of his *Bivens*[1] lawsuit against officials at the United States Penitentiary in Pollock, Louisiana (USP Pollock) for failure to state a claim,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

No. 13-30297

pursuant to Federal Rule of Civil Procedure 12(b)(6).  We review the dismissal de novo.  *Frame v. City of Arlington*, 657 F.3d 215, 222 (5th Cir. 2011) (en banc).

If his brief is liberally construed, Ramirez renews his claim that USP Pollock prison officials violated his Eighth Amendment rights by denying him a haircut for one month.  The claim was properly dismissed.  *See McCoy v. Gordon*, 709 F.2d 1060, 1063 (5th Cir. 1983), *abrogated on other grounds by Augustine v. Doe*, 740 F.2d 322, 328 n.10 (5th Cir. 1984).  Ramirez additionally renews his argument that he was placed in an overcrowded cell, in violation of the Eighth Amendment, but the claim fails because he did not allege that any deprivations of sanitary conditions resulted from the alleged overcrowding.  *See Rhodes v. Chapman,* 452 U.S. 337, 347-50 (1981).  To the extent that Ramirez also argues, for the first time on appeal, that he was denied clean clothing, hygienic housing, regular showers, and personal hygiene items including toilet tissue, soap, a toothbrush, and shaving utensils while at USP Pollock, this court will not consider the newly raised claim.  *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

As he did below, Ramirez contends that his First Amendment rights were violated when USP Pollock officials interfered with his right to provide legal assistance to other inmates and limited his ability to buy stamps.  The district court correctly concluded that Ramirez had no right to provide other inmates with legal assistance.  *See Tighe v. Wall*, 100 F.3d 41, 42-43 (5th Cir. 1996).  Further, because Ramirez had no First Amendment right to provide legal assistance to other inmates, the district court also correctly dismissed Ramirez's related claim that he was transferred away from USP Pollock in

No. 13-30297

retaliation for providing legal assistance to others.[2]  *See Tighe*, 100 F.3d at 42-43.

Ramirez's challenge to the prison's stamp-purchase rules fails as a denial of access claim because he does not allege that his position as a litigant was prejudiced in any way as a result.  *See Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993).  Inasmuch as he challenges the prison's rules prohibiting him from possessing an unlimited number of stamps in his cell as a violation of his right to free speech, the claim similarly fails for lack of injury. *See Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307-09 (1986).

We need not decide whether Ramirez properly preserved his claim that his transfer away from USP Pollock was done in violation of his due process rights.  Even if the claim were to be considered, it would not meet with success as Ramirez has no constitutional right to be housed at a particular facility; thus, his transfer did not implicate any protected liberty interest requiring due process. *See Olim v. Wakinekona*, 461 U.S. 238, 244-47 (1983).

With respect to Ramirez's claims against new defendants working in his post-transfer facilities in Virginia and Kentucky, the district court properly concluded that the Western District of Louisiana was not the proper venue for such claims. *See Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991). Additionally, Ramirez has not shown an abuse of discretion on the district court's part in denying the motion for recusal or in dismissing his complaint without first holding an evidentiary hearing. *See Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

---

[2] Ramirez does not brief any argument renewing the claims he raised below concerning Captain Cotrette's issuance of a false and retaliatory disciplinary case or his allegedly retaliatory transfer to the Special Housing Unit, and those claims are therefore abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

No. 13-30297

The district court's judgment is affirmed. Its dismissal of Ramirez's complaint for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Ramirez is cautioned that if he accumulates three strikes he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.