# United States Court of Appeals for the Fifth Circuit

No. 23-10725

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2024

Lyle W. Cayce
Clerk

In re Levi Rudder,

*Appellant.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-MC-4

---

Before Jones, Clement, and Wilson, *Circuit Judges.*

Per Curiam:

Pro se Appellant Levi Rudder challenges the district court's imposition of sanctions on him for engaging in the unauthorized practice of law in a criminal proceeding. Rudder argues that the district court lacked the authority to impose these sanctions. We AFFIRM.

## I. BACKGROUND

On the Government's motion, the district court held a hearing to allow Levi Rudder to show cause why he should not be sanctioned for the unauthorized practice of law. The court found that Rudder, who is not admitted to any bar or licensed to practice law, contacted a represented detainee facing federal firearm charges in the district court and attempted to interject himself into the case. Despite defense counsel's instruction to Rudder that he should not contact the detainee again, Rudder, among other things, engaged in an unprivileged, monitored video meeting with the detainee, offered the

detainee legal advice, and encouraged the detainee to sign a form appointing Rudder as his additional counsel. As such, the court determined that Rudder had engaged in the unauthorized practice of law.

Having made these findings, the court exercised its inherent powers and ordered Rudder to pay a monetary sanction of $500 and barred him from filing documents in the United States District Court for the Northern District of Texas without first obtaining the court's permission.[1] The court also: (1) admonished Rudder that it is illegal to practice law without a law license and that doing so could subject him to additional sanctions; (2) ordered Rudder to cease his unauthorized practice of law; and (3) informed the Unauthorized Practice of Law Committee of the State of Texas of the sanctions imposed against Rudder in this case. Rudder appeals from that order.

## II. ANALYSIS

On appeal, Rudder argues that the Constitution does not afford federal courts inherent powers to sanction individuals for engaging in the unauthorized practice of law and, therefore, the district court erred in sanctioning him. But federal courts have the inherent power to police the conduct of litigants and attorneys who appear before them. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46, 111 S. Ct. 2123, 2132–33 (1991) ("[A] federal court has the power to control admission to its bar[.]"); *see also In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam). Generally, a party "cannot be represented by a nonlawyer[.]" *Raskin ex rel. JD v. Dall. Indep. Sch. Dist.*, 69 F.4th 280, 283 (5th Cir. 2023) (discussing 28 U.S.C. § 1654) (citation and quotations omitted). Indeed, requiring "a minimum level of competence protects not

---

[1] This filing bar does not encompass a separate case in the Northern District of Texas which was pending at the time the district court sanctioned Rudder and in which Rudder was a party.

only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, or vexatious claims." *Id.* at 286 (alteration in original) (quotations and citation omitted). "It follows logically," then, "that a federal court's power to regulate and discipline attorneys appearing before it extends to conduct by nonlawyers amounting to practicing law without a license." *United States v. Johnson*, 327 F.3d 554, 560 (7th Cir. 2003); *see also United States v. Jones*, No. 21-3252, 2023 WL 1861317, at *10 (6th Cir. Feb. 9, 2023); *cf. Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011) ("The district court . . . has the authority to regulate [the unauthorized practice of law] through local rules and an array of appropriate sanctions."). Thus, a court may resort to its inherent powers to sanction a person engaged in the unauthorized practice of law. *Johnson*, 327 F.3d at 560.

Having carefully reviewed Rudder's brief and the record, we conclude that the district court did not abuse its discretion in imposing the sanctions.[2] *See Chambers*, 501 U.S. at 55, 111 S. Ct. at 2138; *Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695, 701–02 (5th Cir. 2023).

AFFIRMED.

---

[2] Rudder's only argument is that the district court lacked authority to sanction him. To the extent he challenges the propriety of the sanctions for some other reason, he inadequately briefed this additional reason and therefore forfeited it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal."); *see also* FED. R. APP. P. 28(a).