# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-10282
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2024

Lyle W. Cayce
Clerk

Levi Rudder,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:24-CV-33

———————————————————————

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

*Pro se* Plaintiff-Appellant Levi Rudder appeals the dismissal with prejudice of his complaint against Defendant-Appellee the United States of America due to his failure to comply with an earlier filing bar sanction. We recently affirmed the propriety of that sanction and provided some necessary context for the instant appeal. *In re Rudder*, 100 F.4th 582 (5th Cir. 2024).

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10282

Briefly, District Court Judge James Wesley Hendrix found Rudder—a habitual litigant—to have engaged in the unauthorized practice of law. *Id.* at 583. On June 9, 2023, the district court levied several sanctions against Rudder, including a $500 fine and "barr[ing] him from filing documents in the United States District Court for the Northern District of Texas without first obtaining the court's permission."[1] *Id.*

On January 16, 2024, while his appeal of that order was pending in our court, Rudder filed the action at issue here in a Lubbock County, Texas state court against Chief Justice John G. Roberts, Jr. and Judge Hendrix for actions taken in their official capacity. Rudder admits this suit was a collateral attack on the earlier sanctions order in which he sought, *inter alia*, restitution of his monetary sanction, recovery of the costs associated with his ultimately unsuccessful appeal in our court, and various forms of declaratory and equitable relief. The Government removed the action to a federal district court in the Northern District of Texas and the United States was substituted as the sole defendant. Following removal, the Government moved to apply Rudder's previous filing bar sanction to dismiss the action. Without waiting for a response, the district court granted the Government's motion and dismissed Rudder's suit with prejudice, concluding that the filing bar sanction applied and that his claims were "frivolous, vexatious, and amount[ed] to harassment of judicial officers of the United States." Rudder appeals.

---

[1] In affirming the district court's filing bar sanction, we noted that "[t]his filing bar does not encompass a separate case in the Northern District of Texas which was pending at the time the district court sanctioned Rudder and in which Rudder was a party." *Rudder*, 100 F.4th at 583 n.1. For the avoidance of doubt, this is in reference to an earlier unrelated action, *Rudder v. U.S. Gov't*, No. 5:22-cv-325-C (N.D. Tex. Dec. 29, 2022).

2

We review sanction-related dismissals with prejudice for abuse of discretion. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 76–77 (5th Cir. 2011). Rudder takes issue with the district court's order under a variety of specious legal theories, but even construing his briefing liberally as we must, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), we need not address them.[2] Even where Rudder identifies two specific areas where he argues the district court abused its discretion, *i.e.*, by granting the Government's motion to apply Rudder's filing bar sanction without allowing him to respond and by concluding his suit was frivolous, he fails to offer any legal authority to support these arguments.

As a result, we conclude the district court did not abuse its discretion by dismissing Rudder's action with prejudice. Rudder was subject to a filing bar sanction in the United States District Court for the Northern District of Texas at the time his suit was removed to that court, one that we have affirmed. *Rudder*, 100 F.4th at 583. By dismissing Rudder's claims, as we explained in *Rudder*, the district court properly exercised its "inherent power to police the conduct of litigants and attorneys who appear before them." *Id.* at 584 (*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991)).

The district court also properly determined Rudder's suit to be frivolous. "A complaint is frivolous if it lacks an arguable basis in law or fact, and a complaint lacks such a basis if it relies on an indisputably meritless legal

---

[2] For example, Rudder asks us to consider if "the U.S. Constitution, in toto, [is] the supreme civil law," if the "U.S. Government [is] permitted to do anything which is not constitutionally authorized," or whether "the U.S. Constitution vest Article III judges with the powers historically exercised by, or inherent in, the courts/judges of England or any other historical court[.]" At best, Rudder asks us to issue an improper advisory opinion, *Wilson v. Zarhadnick*, 534 F.2d 55, 57 (5th Cir. 1976), and at worst, inadequately briefed these issues on appeal and has forfeited them. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal.").

theory." *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Rudder admits his state claim was a collateral attack on the sanctions order which he was appealing in our court at the time of filing. Rudder does not point to any authority, and we can find none, that would allow a litigant to challenge the propriety of a district court's sanction order simultaneously in both state court and a federal appellate court, or attempt to circumvent the district court's order by seeking relief in state court. To the contrary, such conduct is evidence of frivolousness and dismissal with prejudice is appropriate. *See Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991) (affirming dismissal of complaint where claimant "attempt[ed] to circumvent" a filing bar by bringing a related action in another court).

For the foregoing reasons, we AFFIRM.