United States Court of Appeals,

Fifth Circuit.

No. 96-30285.

Thomas TIGHE, Plaintiff-Appellant,

v.

Richard A. WALL, Warden;  John McGovern;  Capt. Bordelon,
Defendants-Appellees.

Nov. 27, 1996.

Appeal from the United States District Court for the Western
District of Louisiana.

Before GARWOOD, DAVIS and STEWART, Circuit Judges.

PER CURIAM:

The sole issue presented in this appeal is whether the
district court erred in dismissing Thomas Tighe's § 1983 claim
alleging that prison officials retaliated against him for
exercising his First Amendment right to provide legal assistance to
his fellow inmates.  Because we conclude that the district court
properly granted defendants' motion for summary judgment and
dismissed Tighe's § 1983 claim, we affirm.

I.

In October 1992, Thomas Tighe, then a state prisoner at
Avoyelles Correctional Center in Cottonport, Louisiana, was
assigned to the position of "inmate counsel substitute."  In
February 1993, he was removed from that position for what officials
called "unsatisfactory job performance";  the Avoyelles' warden
later filed an affidavit in connection with this case asserting

1

that he believed Tighe had improperly called the family of an inmate about allegations of physical abuse within the prison. Tighe denied making such a call and asserted that another inmate counsel was responsible. In March 1993, Tighe was transferred to Phelps Correctional Center in DeQuincy, Louisiana, to finish serving his state sentence. He is currently serving his federal prison sentence in Florence, Colorado.

## II.

"To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred." *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 800, 133 L.Ed.2d 747 (1996). Such motivation may be established by alleging " "a chronology of events from which retaliation may plausibly be inferred.' " *Id.* (citation omitted). Thus, to survive summary judgment, Tighe must allege a violation of a constitutional right and demonstrate a retaliatory motive. He argues that his First Amendment right of free speech includes the right to give legal assistance to fellow inmates and that he was removed from his job as inmate counsel and later transferred to another prison in retaliation for exercising this right.

A prisoner has no constitutionally protected interest in a particular facility or a specific work assignment. *Olim v.*

*Wakinekona,* 461 U.S. 238, 244-45, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983); *Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 49 (5th Cir.1995). The right to act as inmate counsel in a certain facility is no exception to that general rule. As the Eighth Circuit explained:

> It is well established that inmates have a constitutional right of access to the court. This right entitles inmates to receive legal assistance from fellow inmates unless prison officials provide reasonable alternative assistance. In the absence of reasonable assistance, "[j]ailhouse lawyers have standing to challenge official action that prevents them from assisting other prisoners." There is, however, no right to be or to receive legal assistance from a jailhouse lawyer independent of the right of access to the court. Accordingly, the transfer of a prisoner for "writ-writing" does not in and of itself constitute the violation of a protected right.

*Gassler v. Rayl,* 862 F.2d 706, 707-08 (8th Cir.1988) (citations omitted); *see also Gibbs v. Hopkins,* 10 F.3d 373, 378 (6th Cir.1993); *Williams v. Nix,* 1 F.3d 712, 716 (8th Cir.1993); *Smith v. Maschner,* 899 F.2d 940, 950 (10th Cir.1990).[1] Tighe has not argued that he or his fellow inmates have been denied access to the courts; instead, he argues that inmates were deprived of his legal assistance. Prisoners have no right to a particular prisoner's help in legal matters as long as the putative recipient's constitutional right of access to the courts is not infringed.

---

[1]A few courts have held that inmates have a First Amendment right to provide legal assistance to fellow inmates. *Newsom v. Norris,* 888 F.2d 371, 375-77 (6th Cir.1989); *Rizzo v. Dawson,* 778 F.2d 527, 532 (9th Cir.1985); *Baker v. Zlochowon,* 741 F.Supp. 436 (S.D.N.Y.1990); *Wiideman v. Angelone,* 848 F.Supp. 136, 139 (D.Nev.1994). This Court does not find the reasoning of those decisions persuasive.

*Smith,* 899 F.2d at 950, see also *Lewis v. Casey,* --- U.S. ----, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).   Because he has failed to demonstrate a violation of a constitutional right, Tighe's retaliation claim fails.

### III.

Accordingly, we affirm the district court's dismissal of Tighe's § 1983 claim.

AFFIRMED.