IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40103
Summary Calendar
_____

JERRY E. EASLEY,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CV-332
- - - - - - - - - -
December 9, 1997

Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jerry E. Easley, # 421286, appeals the dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Easley argues that the district court's holding that he had no standing and that his claim was not ripe was erroneous. We agree in part. "The basic inquiry is whether the `conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interests, a dispute definite and concrete, not hypothetical or abstract.'" Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 298 (1979) (citation omitted). A plaintiff that challenges a policy "must demonstrate a realistic danger of sustaining a direct injury as a result of the [policy's] operation or enforcement." Id. However,"`[o]ne does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending that is enough.'" Id. (citations omitted).

Easley's claims of violations of his rights to substantive due process and equal protection are not yet ripe. The TDCJ policy allows Easley to use his word processor as long as it is working. Although he has alleged that his machine is having some problems, he has not alleged that it has broken completely so that it is useless unless repaired. Therefore, he has not alleged the "immediate injury" necessary to sustain ripeness. See Cinel v. Commick, 15 F.3d 1338, 1341 (5th Cir. 1994). The district court's dismissal for lack of ripeness is affirmed as to Easley's subtantive due process and equal protection claims.

The district court did not address Easley's claim of retaliation through punitive transfers and disciplinary action for exercising his First Amendment right to complain of prison conditions. Easley has standing to bring this claim. Easley alleged in the district court and argues on appeal that he was retaliated against for his legal activities by a pattern of

punitive transfers and a disciplinary action designed to interfere with his case in No. C-92-323, allegations which the district court ignored.

"To state a claim of retaliation an inmate must allege the violation of a specific constitutional right. . . ." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995), cert. denied, 116 S. Ct. 800 (1996). A retaliation claim focuses on "whether there has been an obstruction of the exercise of a constitutional right" separate and apart from the validity or legitimacy of the underlying conduct. Id. at 1165. Although a prisoner has no constitutional right to be housed in a particular facility, Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983), prison officials may not retaliate against an inmate by continuously transferring him for complaining of prison conditions or treatment. See Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986)(prison officials may not retaliate against prisoner for exercising right of access to the courts). Easley has met the threshold requirement of alleging a violation of a First Amendment right.

In addition to alleging the violation of a constitutional right, the inmate must also allege and "be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." Woods, 60 F.3d at 1166. Mere conclusionary allegations of retaliation will not suffice. Id. The inmate must produce direct evidence of the defendants' motivation, or "allege a chronology of events from which

retaliation may plausibly be inferred." Id. (internal quotation marks and citation omitted). Easley alleged that he was transferred or placed in solitary confinement every time his trial in No. C-92-323 approached, which deprived him of access to his word processor for trial preparation. He alleged that these actions were taken to interfere with his litigation. These allegations allow a plausible inference of retaliation. Easley has alleged all of the elements of a retaliation claim. See Johnson, 110 F.3d at 310. This claim is be remanded for further development.

Easley alleges that he was retaliated against for pursuing his own legal activities and for his activities as a writ writer. His activities as a writ writer are not constitutionally protected and do not support a retaliation claim. See Johnson v. Rodriquez, 110 F.3d 299, 310-11 (5th Cir. 1997); Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996).

In summary, the district court abused its discretion in dismissing Easley's action as frivolous at this stage of the litigation without allowing further factual development of his retaliation claim. The district court's judgment is vacated in part, and Easley's claim of retaliation in connection with the deliberate actions taken to interfere with his personal litigation in no. C-92-323 is remanded for further development. The district court's judgment is AFFIRMED in all other respects.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.