IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50796
Summary Calendar

_____

JORGE MARIO HERRERA,

Plaintiff-Appellant,

versus

LARRY FIELDS et al.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-96-CV-223
- - - - - - - - - -

May 24, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[1]

Jorge Mario Herrera, an Oklahoma state prisoner, appeals the dismissal of his 28 U.S.C. § 1983 civil rights lawsuit for failure to state a claim. Herrera argues that dismissal was error because there were disputed issues of fact which precluded it, and he challenges the district court's failure to hold an evidentiary hearing on his claims. His argument is unpersuasive because his claims were appropriate for dismissal even accepting all of his factual allegations as true. See 28 U.S.C. § 1915(e)(2)(B)(ii).

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Herrera renews his claim that he was illegally transferred from an Oklahoma prison to a facility in San Antonio, Texas, privately owned and operated by the Wackenhut Corrections Corporation ("Wackenhut").  As part of this claim, Herrera argues that the contract between Oklahoma and Wackenhut violates Oklahoma statutory law.

Herrera's claim that the transfer itself violated his constitutional rights is without merit.  See Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996).  His contractual claim also fails because he points to no constitutional violation arising from his allegation that the contract between Oklahoma and Wackenhut violates Oklahoma statutory law; moreover, the claim is facially without merit.  See Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994); see also 57 Okl. St. Ann. § 561 (West 1998).

To the extent that Herrera's claim is that the contract violates Oklahoma law because the Wackenhut facility provides a substandard law library, substandard housing, or substandard medical care, Herrera has not provided any specific factual allegations to explain in what way the library, housing, or medical care were deficient.  His conclusional allegations are of a contractual, not constitutional, nature and therefore fail under § 1983.  See Johnson, 38 F.3d at 200.

Herrera also renews his claim that his transfer was done in retaliation for his: 1) providing legal assistance to Hispanic inmates; 2) exercising his right of access to the courts by filing lawsuits; and 3) complaining about the inadequate law library and

inadequate access thereto.  Herrera's activities of providing legal assistance to other inmates are not constitutionally protected and cannot support a retaliation claim.  See Tighe, 100 F.3d at 42-43.  Although Herrera's right of access to the courts is constitutionally protected, he has provided no specific facts or chronology of events from which a retaliatory motive could reasonably be inferred; his claim is based on the conclusional assertion that he was retaliated against, which is insufficient.  See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); see also Whittington v. Lynaugh, 842 F.2d 818, 821 (5th Cir. 1988).

Herrera additionally renews his claim that he was illegally removed from his position as legal assistant in the Wackenhut law library in retaliation for providing assistance to Hispanic inmates and for complaining on their behalf about the inadequate library and inadequate access allowed them.  This claim fails for the same reason that his retaliation claim fails.  See Tighe, 100 F.3d at 42-43.  Herrera's claim that he was denied access to the courts is similarly without merit because he has failed to demonstrate any resulting prejudice.  See Lewis v. Casey, 116 S. Ct. 2174, 2179-80 (1996).

Herrera has failed to state a claim under § 1983, and the district court's judgment is therefore AFFIRMED.  He has also filed a motion for the appointment of counsel, which is DENIED as unnecessary.

AFFIRMED; MOTION DENIED.