# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 99-40865
Summary Calendar

---

DONALD W. MENVILLE,

Plaintiff-Appellant,

versus

KRISTOPHER BAKER, Captain, Powledge Unit;
GRACELIA R. RAMOS, Sergeant, Powledge Unit;
S. TORRES, Powledge Unit;MARK ALLISON,
Powledge Unit; TRUMAN CREW, Powledge Unit;
RAYMOND THOMPSON, Powledge Unit; NOLAN
PITCOCK, Powledge Unit; GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-293
--------------------
January 14, 2000

Before POLITZ, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Donald W. Menville, Texas prisoner #660811, appeals the dismissal of his 42

U.S.C. § 1983 complaint, contending that the trial court erred in dismissing his claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that one of the defendants, Captain Kristopher Baker, violated his right to due process by summarily ordering him into solitary confinement after the second of two disciplinary hearings. Menville focuses on the *additional* post-hearing punishment imposed by Baker; he does not challenge the propriety of the punishment imposed at the second hearing. As the district court concluded, however, Menville's due-process claim was not viable.[1]

Menville contends that the district court erred in refusing to consider an eighth amendment claim based on Baker's conduct. This claim fails, however, because Menville did not allege that he suffered any intolerable punishment.[2]

Menville maintains that the district court erred in declining to address his claim that Baker ordered him into solitary confinement in retaliation for his successful appeal of the first of the two disciplinary hearings. We find merit in this contention, concluding that Menville adequately stated a retaliation claim in his amended complaint. "To state a claim of retaliation[,] an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident would not have occurred."[3] The motive may be shown "by alleging a chronology of events from which retaliation may plausibly be

---

[1] **Luken v. Scott**, 71 F.3d 192 (5th Cir. 1995).

[2] **Novak v. Beto**, 453 F.2d 661 (5th Cir. 1971).

[3] **Tighe v. Wall**, 100 F.3d 41, 42 (5th Cir. 1996) (internal quotations and citation omitted).

inferred."[4] Even conduct that is not actionable under the eighth amendment may be actionable in a retaliation claim.[5]

A prison official may not retaliate against an inmate because the inmate complained to supervisors about the official's misconduct.[6] A prisoner has a constitutional right to report to superiors a prison guard's misconduct.[7] Additionally, our review of the pleadings persuades that Menville "alleg[ed] a chronology of events from which retaliation may plausibly be inferred."[8] He alleged that Baker acted in the first hearing to deprive him of due process, that he frustrated Baker's plan by complaining to the warden, and that Baker ordered him into solitary confinement after the second hearing solely because of his complaint to the warden. Accordingly, Menville adequately alleged both "the violation of a specific constitutional right" and a retaliatory motive by Baker.[9] On remand, the district court should proceed with the appropriate adjudication of this claim.

The district court erred in declining to consider Menville's retaliation claim. We find no error, however, in the court's dismissal of the remainder of Menville's

---

[4]**Id**. (internal quotations and citation omitted).

[5]**Jackson v. Cain**, 864 F.2d 1235 (5th Cir. 1989).

[6]**Woods v. Smith**, 60 F.3d 1161 (5th Cir. 1995).

[7]**Id**.; **Jackson**, 864 F.2d at 1248.

[8]**Tighe**, 100 F.3d at 42.

[9]See **Tighe**, 100 F.3d at 42.

3

complaint.  We AFFIRM IN PART, REVERSE IN PART, and REMAND for further proceedings.