IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41412
Summary Calendar

_____

ROBERTO R. VILLARREAL,

Plaintiff-Appellant,

versus

WILLIAM BEESLER, Guard, Coffield Unit; ANTONIO BRIONES, Sergeant,
Coffield Unit; JOE SATTERWHITE, Property Officer, Coffield Unit;
BERNIE BUSH, Captain, Coffield Unit; LEIGH HARDING, Lieutenant,
Coffield Unit; KEVIN MOORE, Assistant Warden, Coffield Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:98-CV-728
--------------------
July 21, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Roberto R. Villarreal, (inmate # 552587), appeals the
dismissal of his civil rights suit filed under 42 U.S.C. § 1983,
as frivolous pursuant to 28 U.S.C. § 1915A. Villarreal's due
process claims about his disciplinary hearing are not grounds for
§ 1983 relief inasmuch as he has not shown that the revocation of
his good-time credits has been invalidated. See Clarke v.

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc), cert. denied, 525 U.S. 1151 (1999).**

Villarreal's claims that he was retaliated against for exercising free speech and for writ writing is frivolous because these claims do not invoke a specific constitutional right. Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997); Gibbs v. King, 779 F.2d 1040, 1045 (5th Cir. 1986); Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996). Villarreal's claim that he was retaliated against for using the prison grievance procedure is frivolous because Villarreal fails to show a chronology of events from which retaliation may plausibly be inferred. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Last, Villarreal's argument that he was deprived of his typewriter without due process of law is not cognizable under § 1983 because Texas has adequate postdeprivation remedies for the confiscation of prisoner property. See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983).

JUDGMENT AFFIRMED.

---

** This court may affirm on this basis even though the district court relied on other analysis for its dismissal. See McGrew v. Texas Bd. of Pardons and Parole, 47 F.3d 158, 160 (5th Cir. 1995).r