IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40803
Conference Calendar

_____

MICHAEL L. GARRETT,

Plaintiff-Appellant,

versus

G.J. GOMEZ; D.B. MCELVANEY;
J.C. MAYFIELD; G.G. RODRIGUEZ;
W.D. HEARN,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-97-CV-705
- - - - - - - - - -
August 22, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:*

Michael Lou Garrett, Texas prisoner # 258594, appeals from the district court's summary judgment dismissing his claims brought under 42 U.S.C. § 1983 as frivolous. We have reviewed the record and the briefs of the parties, and we conclude that the district court did not err in its judgment.

Because Garrett has failed to show that his "conviction" at the prison disciplinary proceeding was reversed, expunged, or otherwise called into question, any § 1983 challenge to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding is barred under <u>Edwards v. Balisok</u>, 520 U.S. 641, 646-48 (1997). Garrett's allegations of retaliation are completely unsupported by any evidence and are merely conclusional. They do not, by themselves, raise an inference of retaliation. <u>See</u> <u>Whittington v. Lynaugh</u>, 842 F.2d 818, 819 (5th Cir. 1988). Because an inmate possesses no First Amendment right to provide legal assistance to fellow inmates, Garrett's asserted First Amendment violation fails. <u>See</u> <u>Tighe v. Wall</u>, 100 F.3d 41, 43 n.1 (5th Cir. 1996). Nor does his argument that prison officials' investigation of his grievances was not in compliance with prison guidelines raise a constitutional claim. Failure to follow prison regulations alone does not give rise to a constitutional claim under § 1983. <u>Hernandez v. Estelle</u>, 788 F.2d 1154, 1158 (5th Cir. 1986).

Garrett's assertion that the district court's statements in the order of dismissal showed bias is without merit because a judicial ruling will support a claim of bias only if it reveals an opinion based on an extrajudicial source or demonstrates such a high degree of antagonism as to make fair judgment impossible. <u>See</u> <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). The district court's references to Garrett's status as a frequent filer were statements of fact, not evidence of bias. Finally, Garrett's contention that the district court attempted to deny him his right to appeal the court's final judgment is based on a misunderstanding of the proceedings and is frivolous.

Garrett's appeal is without merit and is thus frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).

Because the appeal is frivolous, it is DISMISSED. 5th CIR. R. 42.2. This counts as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (district court's dismissal as frivolous plus this court's dismissal of the appeal as frivolous). Garrett already accumulated a strike for his appeal in Garrett v. Lee, No. 99-40796 (5th Cir. Apr. 14, 2000), and two more in Garrett v. Leal, No. 99-41449 (5th Cir. Aug. 21, 2000). Because he now has five strikes under the statute, Garrett may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. § 1915(g).

APPEAL DISMISSED. 5TH CIR. 42.2. SANCTION IMPOSED UNDER 28 U.S.C. § 1915(g).