IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-11235
Summary Calendar
_____

ALFRED ANTHONY HENDERSON,

Plaintiff-Appellant,

versus

ROBERT EASON, Etc., ET AL.,

Defendants,

ROBERT EASON, Assistant Warden; C.B. HOWETH, Sergeant; N.F. ROGERS,
Correctional Officer III; D.. UNDERHILL, Unit Health Administrator; R. HODGES,
Nurse; STEPHEN PECK, DR.; GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION;
RICHARD A. AVANTS, Captain; WENDAL ELAM,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:99-CV-191
_____

May 17, 2002

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alfred Anthony Henderson, Texas inmate #714885, appeals an adverse summary judgment dismissing his 42 U.S.C. § 1983 complaint. He asserts that the district court erred in dismissing his retaliation claims as frivolous and his other claims for lack of administrative exhaustion. Concluding that the Henderson's retaliation claim was frivolous and that he failed to exhaust his administrative remedies as to his other claims, we affirm.

Henderson does not appeal the dismissal of his claims of deliberate indifference to his medical needs and his claims based on denial of due process against defendants Johnson and Eason, nor has he challenged the district court's reasons for dismissing his retaliation claims against defendants Avants and Elam. He has therefore abandoned any challenge to the dismissal of those claims.[1]

We review the grant of summary judgment *de novo*.[2] Summary judgment is proper if the pleadings and evidence filed in support of the motion show that there is

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

[2] Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp., 992 F.2d 1398, 1401 (5th Cir. 1993).

no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[3] If the movant meets this initial burden, the non-movant must set forth specific facts showing the existence of a genuine issue for trial.[4] The non-movant must meet his burden with more than conclusional allegations, unsubstantiated assertions, or a scintilla of evidence.[5]

To establish a retaliation claim under 42 U.S.C. § 1983, a prisoner "must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred."[6] Henderson failed to demonstrate a question of material fact based on his allegation that defendant Hodges denied him adequate medical treatment and that claim was properly dismissed. Similarly, Henderson has not produced evidence of a retaliatory motive, nor has he established a chronology of events from which retaliation by defendants Hodges, Peck, Howeth, Underhill, and Rogers could be plausibly inferred.[7] Henderson's personal beliefs and conclusional allegations are insufficient to establish a claim for

---

[3] FED. R. CIV. P. 56(c).

[4] FED. R. CIV. P. 56(e).

[5] Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

[6] Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996).

[7] Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999).

3

retaliation.[8]

The record supports the conclusion that Henderson did not complete the Texas Department of Criminal Justice's two-step procedure for administrative grievances.[9] Accordingly, the district court did not err in dismissing for lack of exhaustion Henderson's claims that he was: (1) sprayed with nerve gas, claim No. 2000016780; (2) the victim of excessive force, claim No. 2000025816; and (3) falsely charged in a disciplinary action, claim No. 2000029533.

Accordingly, the judgment of the district court is AFFIRMED.

---

[8] Id.

[9] Wendell v. Asher, 162 F.3d 887, 890-91 (5th Cir. 1998).