IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21268
Summary Calendar
_____

ELZIA ALLEN RICHARDSON,

Plaintiff-Appellant,

versus

ONE BLACK FEMALE CORRECTIONAL OFFICER; MIKE LIGHTSEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-4181
--------------------
March 20, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Elzia Allen Richardson, Texas inmate # 522518, filed a civil
rights complaint pursuant to 42 U.S.C. § 1983 alleging that an
unknown and unnamed defendant had unreasonably interfered with
his right to visitation with his family and that defendant Mike
Lightsey retaliated against him for filing a grievance against
the unnamed defendant by refusing to process his grievance forms.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Richardson appeals the district court's dismissal with prejudice of his complaint.

Richardson "has no constitutional right to visitation privileges."  Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999).  Thus, Richardson's contentions, that he has a liberty interest in visitation privileges, that the prison policies on visitation created a liberty interest, and that prison officials' failure to follow TDCJ policies, do not present constitutional issues and do not state cognizable claims under 42 U.S.C. § 1983.  See Doe v. Rains County Indep. Sch. Dist., 66 F.3d 1402, 1406 (5th Cir. 1995).  The district court properly dismissed Richardson's claim against the unnamed defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

After conducting a de novo review, we conclude that there was no error in the district court's summary judgment dismissal of Richardson's claims against Lightsey.  Richardson's claim that Lightsey denied him access to the courts by denying him access to the grievance process fails, as a matter of law, because Richardson has neither alleged nor shown that his position as a litigant was prejudiced.  See Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).  Richardson's retaliation claim also fails, as a matter of law, for two reasons.  First, it fails because Richardson failed to state a claim of the violation of a specific constitutional right, in this case the right of access to the courts.  See Tighe v. Wall, 100 F.3d 41, 42 (5th Cir.

1996).  Second, it fails because Richardson's bald allegations of a conspiracy between Lightsey and Richardson are not sufficient to allege a retaliatory motive on Lightsey's part.  See id.

By failing to argue on appeal the propriety of the district court's finding that the defendants, to the extent that they were sued in their official capacities, are entitled to Eleventh Amendment immunity, Richardson has abandoned that issue. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  The judgment of the district court dismissing Richardson's 42 U.S.C. § 1983 complaint with prejudice is AFFIRMED.