United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-40064
Conference Calendar

———————————————

LAWRENCE SCOTT GRIFFITH,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; B. K. HORN, Assistant Warden, Clemens
Unit #005; NORMA MUNOZ-SMITH, Unit Compliance Sergeant, Clemens
Unit; KENNY SMITH, Laundry Manager, Clemens Unit; R. CARDENAS,
Unit Disciplinary, Officer (U.H.O.), Clemens Unit #005,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CV-411
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lawrence Scott Griffith, Texas prisoner # 419218, appeals
the district court's with prejudice dismissal of his 42 U.S.C.
§ 1983 complaint as frivolous.  Griffith's complaint alleged that
prison officials conspired to fabricate false drug-use charges
against him, and that the defendants' actions were taken out of
desire to retaliate against him for leaking an alleged prison

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

health hazard to outside authorities, and for helping other inmates file grievances against prison personnel.

On appeal, Griffith contends that the district court abused its discretion in dismissing his complaint with prejudice. He argues that his complaint sufficiently alleged a chronology of events from which unlawful retaliation could be inferred, especially in light of the Texas Department of Criminal Justice's long history of retaliating against prisoners. Griffith also asserts that, contrary to the district court's findings, his administrative remedies with respect to defendants Munoz-Smith and Smith were exhausted.

Griffith's claim of retaliation for assisting another inmate with his prison grievance fails as a matter of law since the act of providing legal assistance to fellow inmates does not implicate a constitutionally protected right. See Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996). With respect to his reporting of an alleged health hazard to outside authorities, Griffith fails to recite an adequate chronology of events from which retaliation may plausibly be inferred. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Accordingly, regardless whether Griffith's administrative remedies were exhausted, his conclusional allegations that the defendants conspired to contaminate his drug test lack merit. The district court's with prejudice dismissal of Griffith's 42 U.S.C. § 1983 action as frivolous is therefore affirmed.

AFFIRMED.