United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60575
Conference Calendar

ROBERT CRAIG STARKS,

Petitioner-Appellant,

versus

MICHAEL PETTIFORD, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:03-CV-283-BrS
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:*

Robert Craig Starks, federal prisoner # 83561-020, appeals from the dismissal of his 28 U.S.C. § 2241 petition, in which he alleged that the procedures used in his prison disciplinary proceeding violated his due process rights and, further, that the evidence was insufficient to support a finding of guilt.

Federal habeas relief, however, can be had only where the petitioner has been deprived of some right secured to him by the laws of the United States or by the United States Constitution.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000).  Although disciplinary action resulting in an inmate's loss of previously earned "good time" must be accompanied by procedural safeguards, see Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974), Starks was not deprived of good-time credits.  Moreover, he has no constitutional right to be housed in any particular facility, and he concedes that he was never placed in administrative segregation.  See Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); see also Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).  He therefore has not been deprived of a liberty interest and has not stated a cognizable § 2241 claim.  See Malchi, 211 F.3d at 957.

AFFIRMED.