United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11187
Summary Calendar
_____

APPARAJAN GANESAN,

Plaintiff-Appellant,

versus

SHIRLEY JAMES, Administrative Tech II; MICHAEL UPSHAW, Warden;
JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-129
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Apparajan Ganesan, Texas prisoner # 904088, appeals the

dismissal of his civil rights action and the imposition of

Rule 11 sanctions. The district court dismissed, as frivolous,

Ganesan's claims against Warden Michael Upshaw (Upshaw) and Janie

Cockrell (Cockrell) and certain claims against Shirley James

(James), after finding that Ganesan had not demonstrated the

denial of a constitutional right. The district court also found

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Ganesan made misrepresentations calculated to mislead the court and issued an order to show cause why he should not be sanctioned. After Ganesan failed to respond to the show cause order, the district court dismissed the remainder of Ganesan's claims, issued a monetary sanction of $100, and barred Ganesan from making any subsequent filings until the sanction was satisfied or judicial approval was previously obtained.

On appeal, Ganesan does not provide any legal arguments or authority challenging the district court's determinations that Ganesan has not demonstrated the denial of a constitutional right as to Upshaw and Cockrell and that sanctions were appropriate because Ganesan made misrepresentations to the court. Although pro se briefs are afforded liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because Ganesan fails to address the district court's factual basis for dismissing these claims as frivolous and issuing sanctions, he has abandoned these issues. See id.

The claims Ganesan has not abandoned are his claims that, on April 25, 2002, James was verbally abusive, that, on April 25, 2002, James threatened Ganesan's physical safety, and that, after April 25, 2002, and in retaliation for a previously filed lawsuit, James denied Ganesan access to the courts. As for Ganesan's claim of verbal abuse, mere allegations of verbal abuse

do not present an actionable § 1983 claim.  Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993).  As for Ganesan's claim that James threatened his physical safety, a review of record reveals a lack of facts to support this allegation, and the district court, therefore, did not abuse its discretion in dismissing this claim.

As for Ganesan's claim that James retaliated against him and denied him access to the courts by James' refusal to deliver Ganesan's mail to him and James' denial of a protective escort for Ganesan to the mailroom to pick up his mail, Ganesan must show that he has been denied a specific constitutional right. See Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996).  A review of the record reveals that Ganesan refused to pick up his mail from the mailroom.  There is no evidence that the mailroom failed to inform Ganesan that he had mail in the mailroom or that the mailroom refused to give Ganesan his mail when he came to the mailroom.  Therefore, because Ganesan did not make the necessary showing of a violation of a constitutional right, the district court did not abuse its discretion in dismissing, as frivolous, Ganesan's claims.  See Arnaud v. Odom, 870 F.2d 304, 307 (5th Cir. 1989) (Mere "conclusory allegations" are not sufficient to establish a § 1983 claim.).

The district court's dismissal of Ganesan's complaint and this court's affirmance count as one "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383,

387-88 (5th Cir. 1996).  Ganesan is cautioned that if he accumulates three "strikes," he will not be able to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

AFFIRMED; SANCTIONS WARNING ISSUED.