United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30506
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NOLAN OSBORNE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:95-CR-4-B-M
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Nolan Osborne, Louisiana prisoner number 119714, pleaded
guilty in federal court to three charges of distribution of crack
cocaine and one charge of conspiracy to possess crack cocaine
with intent to distribute.  The district court sentenced him to
serve 121 months in prison and a five-year term of supervised
release.  Osborne was placed on supervised release, but the
Probation Office filed a motion to revoke his supervised release
based on, inter alia, his arrest for drug-related activity.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Osborne subsequently pleaded guilty to drug charges in state court and received a seven-year sentence.

Osborne has not shown that the district court erred in denying his "writ of habeas corpus ad prosequendum" wherein he requested that the district court return him to federal custody, revoke his supervised release, and permit him to serve his state sentence concurrently with the remainder of his federal sentence.

The district court was not obligated to hold a hearing pursuant to FED. R. CRIM. P. 32.1 because Osborne was not taken into federal custody in relation to his violation of the terms of his supervised release. Osborne has no right to concurrent sentences, nor is he entitled to serve his sentences in any particular facility. See Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Saulsbury v. United States, 591 F.2d 1028, 1031, 1035 (5th Cir. 1979). To the extent that Osborne is attempting to challenge his state convictions, we decline to consider this argument because it was not presented to the district court. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Osborne has shown no error in the district court's judgment. Accordingly, that judgment is AFFIRMED.