# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2007

Charles R. Fulbruge III
Clerk

No. 06-10517
Summary Calendar

MARTIN MILTON MILLER, JR

Plaintiff-Appellant

v.

ALEXANDER M KALMANOV, Medical Doctor; DAVID POTTER, D.O.;
JOHN E WILSON, P.A.

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:04-CV-159

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Martin Milton Miller, Jr., Texas prisoner # 634502, appeals from the district court's grant of the defendants' motion for summary judgment and the dismissal of his pro se, in forma pauperis (IFP), 42 U.S.C. § 1983 complaint. We review de novo the district court's grant of summary judgment. See Cousin v. Small, 325 F.3d 627, 637 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Miller asserts that, for a period of five years, defendants Kalmanov and Wilson exercised deliberate indifference to the treatment of his hemorrhoid condition. The record reflects that Miller was treated for his hemorrhoids, including two separate visits with specialists. Miller's complaints regarding his treatment constitute disagreement with the method of treatment that was provided and are non-actionable under the Eighth Amendment. See Varnardo v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Miller also asserts that the defendants lied about his medical condition to retaliate against Miller for filing grievances concerning the method of treatment that he was receiving. He contends that Wilson and Kalmanov engaged in retaliatory practices by consistently prescribing hydrocortisone cream although it caused Miller burning pain. Miller has not alleged "a chronology of events from which retaliation may plausibly be inferred." See Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). He has not shown that but for a retaliatory motive, the defendants would not have prescribed hydrocortisone cream to treat his hemorrhoid condition. See id. The district court did not err in granting the defendants' motion for summary judgment. See Cousin, 325 F.3d at 637.

Miller has abandoned his conspiracy and deliberate indifference claims against defendant Potter. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, the judgment of the district court is AFFIRMED.