# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-40491
Summary Calendar

MICHAEL C ANTONELLI

Petitioner-Appellant

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL; R D MILES, Warden

Respondents-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-1121

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael C. Antonelli, federal prisoner 04053-164, filed a 28 U.S.C. § 2241 petition, asserting that the Bureau of Prisons (BOP) had failed to comply with the orders of the sentencing court that he be incarcerated in a BOP facility in Minnesota where he could receive psychological testing and treatment. The district court dismissed the petition, finding that the claims were not properly presented under § 2241 and alternatively that Antonelli was not entitled to relief on the merits of his allegations. On appeal, Antonelli contends that the district

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court should have converted his § 2241 petition into the proper vehicle for seeking relief. He also contends that the district court could grant him injunctive, declaratory, or mandamus relief in habeas and that he was entitled to relief under the Administrative Procedures Act or the Declaratory Judgment Act.

Even if it is assumed that Antonelli's challenge to his placement within the BOP was properly presented under § 2241, or alternatively even if it is assumed that the district court should have converted the § 2241 petition to a more appropriate procedural vehicle, Antonelli has not established that he is entitled to relief. A prisoner has no constitutional right to be housed in a particular facility. See Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). Although the sentencing court may recommend a location of imprisonment, such a suggestion is not binding on the BOP. See 18 U.S.C. § 3621(b)(4)(B); United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Therefore, Antonelli was not entitled to declaratory, injunctive, mandamus, or habeas relief on the merits of his allegations. The judgment of the district court is thus AFFIRMED.