**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-60998
Summary Calendar

KEVIN THOMAS,

Petitioner-Appellant

v.

BRUCE PEARSON, Warden, Federal Correctional Center-Yazoo City-Medium,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:08-CV-246

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kevin Thomas, federal prisoner # 42850-066, filed the instant 28 U.S.C. § 2241 petition to challenge prison officials' denial of his request for a transfer to a different facility. Thomas appeals the district court's denial of his § 2241 petition. He argues that the district court erred by denying his § 2241 petition without first examining the factors given in 18 U.S.C. § 3621(b). He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that officials ignored regulatory and statutory authority in connection with the denial of his request for transfer.

In considering the propriety of the district court's denial of habeas relief, we review the district court's factual findings for clear error, and its legal conclusions are reviewed de novo. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). One who seeks habeas relief must show that his claims involve either a violation of his constitutional rights or "a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000). Thomas has not met this standard.

Thomas has no constitutional right to be incarcerated in the facility of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 244-46 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Thomas's assertion that officials failed to comply with regulations likewise does not raise a viable constitutional claim. *See Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989). Thomas's claim that officials failed to comply with the pertinent statute when considering his request for transfer also does not involve an infringement of his constitutional rights.

The judgment of the district court is AFFIRMED.