# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2009

Charles R. Fulbruge III
Clerk

No. 09-30348
Summary Calendar

DAVID FUSELIER,

Plaintiff–Appellant,

v.

TONY MANCUSO; CALCASIEU CORRECTIONAL CENTER; UNITED STATES MARSHAL SERVICE; FEDERAL BUREAU OF PRISONS,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:07-CV-1854

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

David Fuselier, federal prisoner # 11580-035, moves for leave to proceed *in forma pauperis* (IFP) on appeal following the district court's denial of his IFP motion and certification that his appeal was not taken in good faith. Fuselier's IFP motion challenging the certification decision "must be directed solely to the trial court's reasons for the certification decision." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

The district court is directed to dismiss a complaint filed by a prisoner if the complaint is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915A(b)(1) & 1915(e)(2)(B). Because the district court dismissed Fuselier's claims as both frivolous and for failure to state a claim, our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Fuselier argues that his incarceration in the Calcasieu Correctional Center violated his due process rights. Fuselier has no constitutional right to be placed in the penal facility of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State."); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a particular facility."). Further, under 18 U.S.C. § 3621(b), the Bureau of Prisons was authorized to designate any available correctional facility to house Fuselier, whether maintained by the Federal Government or otherwise. Fuselier's allegation fails to raise a constitutional claim and does not suffice to show that the district court erred by dismissing his complaint as frivolous and for failure to state a claim under § 1915A.

Fuselier's appeal is without arguable merit and is frivolous. Fuselier is warned that the dismissal of his complaint counts as a strike for purposes of § 1915(g) and that the dismissal of his appeal counts as a second strike. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Fuselier is also warned that if he accumulates three strikes, he will not be allowed to bring a civil action or appeal a judgment IFP unless he is "under imminent danger of serious physical injury." *See* § 1915(g).

DENY IFP MOTION; DISMISS APPEAL; ISSUE SANCTION WARNING.