# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 22, 2010

No. 09-51065
Summary Calendar

Lyle W. Cayce
Clerk

KIRK IRVING KOSKELLA,

Petitioner-Appellant

v.

M. TRAVIS BRAGG, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CV-478

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Kirk Irving Koskella, federal prisoner # 08480-081, pleaded guilty pursuant to a written plea agreement to conspiring to defraud the Internal Revenue Service, in violation of 18 U.S.C. § 371, and wire fraud, in violation of 18 U.S.C. § 1343. The United States District Court for the District of Utah sentenced him to a total of 120 months of imprisonment. He appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Koskella has not briefed any challenge to the dismissal of his claims that the Bureau of Prisons (BOP) refused to provide him a statement of account, failed to apply his payments toward the restitution obligation, and violated provisions of the Fair Debt Collection Practices Act. Accordingly, he has abandoned those issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Koskella claims that he is entitled to release from custody as a result of the district court's failure to hold a proper hearing regarding the restitution amount, his nonappearance at the resentencing hearing, the absence of a determination of the loss amount, and the length of the sentence imposed for Count One. Such claims relate to errors that allegedly occurred at or prior to sentencing (or, here, resentencing) and thus are not properly raised in a § 2241 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 900 (5th Cir. 2001). Similarly, to the extent he challenges the sentencing court's imposition of restitution, his claim is directed at an aspect of his sentence and not the execution of his sentence. *See Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1114 n.5 (5th Cir. 1990). Because Koskella does not contend that he was convicted of an offense that is nonexistent or that his claim was foreclosed by circuit law, Koskella does not meet the essential criteria for supporting a claim under the savings clause of 28 U.S.C. § 2255. *See Reyes-Requena*, 243 F.3d at 904.

Thus, to the extent that Koskella's claims challenging the restitution and loss amounts, the resentencing hearing, and the length of his sentence are construed as having been filed pursuant to § 2241, that portion of his § 2241 petition was an unauthorized action which the district court was without jurisdiction to entertain. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994). Koskella therefore has appealed, in part, "from the denial of a meaningless, unauthorized" action. *Id*. at 142. Accordingly, we affirm the dismissal of these § 2241 claims on an alternative basis. *See id*.; *see also*

*Brewster v. Dretke*, 587 F.3d 764, 769 n. 3 (5th Cir. 2009) (noting this court's practice of affirming the district court on alternative grounds when those grounds are supported by the record), *cert. denied*, 130 S. Ct. 3368 (2010).

Koskella also seeks immediate release from custody as a result of the BOP's alleged breach of the plea agreement, specifically, its provision that the Government would not oppose Koskella's "request to choose the correctional facility where he will be incarcerated." Even if it is assumed that Koskella's claim of a breach by the BOP was properly presented under § 2241, Koskella has not established that he is entitled to relief. First, the Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). A prisoner has no constitutional right to be housed in a particular facility. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Second, as the district court correctly determined, the BOP did not breach the plea agreement executed between Koskella and the United States Attorney for the District of Utah. Koskella's present assertion that the plea agreement requires the BOP to assent to his wishes and designate a place or type of imprisonment consistent therewith is contrary to his understanding, expressed in open court and under oath, that the plea agreement did not amount to a binding promise on the BOP. By exercising its authority pursuant to 18 U.S.C. § 3621(b), the BOP did not breach the plea agreement. Third, Koskella's claim that the BOP violated § 3621(b) in denying his placement request because of his "significant financial resources" misreads that statute. *See* § 3621(b) ("In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status."). Koskella has not established that he is entitled to any of the relief requested in the district court.

Koskella additionally contends that through several unwarranted transfers and the theft and destruction of his papers, BOP staff retaliated against him and prevented him from seeking judicial redress. Because these

issues are raised for the first time on appeal, we will not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

We caution Koskella that any future frivolous, repetitive, or otherwise abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction. The judgment of the district court is AFFIRMED. Koskella's motion for bail pending appeal and all other outstanding motions are DENIED, and a SANCTION WARNING IS ISSUED.