# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11048
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2015

Lyle W. Cayce
Clerk

BRADLEY J. BARTON,

Plaintiff–Appellant,

versus

R.M. HUERTA, Correctional Officer; W. SIRINGI, Warden;
B. YOUNG, Correctional Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CV-85

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Bradley Barton, Texas prisoner # 1680744, has filed this interlocutory appeal in his 42 U.S.C. § 1983 action to challenge the denial of his motion for a preliminary injunction. Barton claims that correctional officer R.M. Huerta's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

confiscation of legal materials from his cell in retaliation for Barton's helping another inmate with a prison grievance violated Barton's right of access of the courts.  Specifically, he states that he needed those materials for his state and federal habeas corpus cases.  Although he acknowledges that his federal case has been dismissed for failure to exhaust state-court remedies, he says that he wants to argue to this court, and, if necessary, the Supreme Court, that the statutory exception to exhaustion, *see* 28 U.S.C. § 2254(b)(1)(B)(ii), applies in his habeas case.  His motion for a preliminary injunction requested that Huerta be enjoined from searching his cell during the pendency of the suit.

We review a denial of a preliminary injunction for abuse of discretion. *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).  A movant is entitled to the "extraordinary remedy" of a preliminary injunction only if he establishes (1) a "substantial likelihood" that he will succeed on the merits, (2) a substantial threat that he will be irreparably injured if the injunction does not issue, (3) that the threatened injury outweighs any harm resulting from the grant of the injunction, and (4) that the injunction "will not disserve the public interest." *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted).  The movant bears "'a heavy burden of persuading the district court that all four elements are satisfied,'" and failure to succeed on any one of the elements results in denial of injunctive relief. *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (citation omitted).

Barton failed to demonstrate a substantial likelihood that he would succeed on the merits of his retaliation or denial-of-access claim.  He has no constitutional right to assist other inmates with the filing of grievances. *See Tighe v. Wall*, 100 F.3d 41, 42–43 (5th Cir. 1996).  Accordingly, he did not show a substantial likelihood of success with respect to his retaliation claim because

the retaliation was not alleged to have been in response to his exercise of a constitutionally protected right. *See Byrum*, 566 F.3d at 445.

Moreover, in his federal habeas case, Barton was able to argue the statutory exception to the exhaustion requirement before the district court and in this court, and he makes only a conclusional assertion, in his brief to this court, that the materials that were allegedly confiscated by Huerta are "necessary" and "essential" to his still-pending state habeas proceeding. Because Barton has not shown that the confiscation caused an actual injury in relation to his federal or state habeas case, he did not demonstrate a substantial likelihood of success with respect to the denial-of-access claim. *See Lewis v. Casey*, 518 U.S. 343, 349–51 (1996). To the extent that Barton maintains in his § 1983 suit that Huerta's actions otherwise violated the Due Process Clause and the Fourth Amendment, Barton does not contend in this court that the merits of those claims supported his motion for a preliminary injunction.

Accordingly, the district court did not abuse its discretion in denying an injunction, and the order of denial is therefore AFFIRMED.