**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 22, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 03-10445
Summary Calendar

---

ALFRED ANTHONY HENDERSON,

Plaintiff-Appellant,

versus

R.E. WATHEN, Warden; PATSY F. BELL, Regional Director; JOHN DOE,
Floor Construction Contractors; NFN CHEYNE, Nurse; ALAN FORNEY,
Correctional Officer III; DAVID HILL, Correctional Officer IV;
JAMES RICHEY, Correctional Officer IV,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-145
--------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Alfred Anthony Henderson, Texas inmate # 714885, proceeding

pro se, moves for leave to proceed in forma pauperis ("IFP") in

the appeal of the district court's dismissal as frivolous

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) of his 42 U.S.C. § 1983

complaint.  Henderson's motion is a challenge to the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court's certification that his appeal is not taken in good faith. Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Henderson's allegations concerning the delay in receiving medical treatment and the denial of adequate medical treatment do not demonstrate that the defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Henderson's allegations demonstrate, at most, negligence and disagreement with the treatment received; such conduct does not establish a constitutional violation. Estelle, 429 U.S. at 106; Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Henderson's conclusional allegations of retaliation do not establish a retaliatory motive or a chronology of events from which retaliation may plausibly be inferred. See Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996). Henderson has abandoned by failing to assert his claims regarding the slip and fall in the shower and the denial of due process with respect to his classification as a gang member. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Henderson has not shown that the district court abused its discretion by denying him leave to amend his complaint. See Eason v. Thaler, 14 F.3d 8, 9-10 (5th Cir. 1994); R. 16-36.

Henderson has not shown that the district court erred in certifying that an appeal would not be taken in good faith. He

has not shown that he will present a nonfrivolous issue on appeal.  Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the motion for leave to proceed IFP is DENIED and the appeal is DISMISSED as frivolous.  Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal and the district court's dismissal of Henderson's 42 U.S.C. § 1983 complaint as frivolous each count as strikes under the Prison Litigation Reform Act.  Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Henderson is WARNED that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) WARNING ISSUED.