United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40680
Conference Calendar

_____

IVERY TRAVENO WILLIAMS,

                                        Plaintiff-Appellant,

versus

BRENDA R. WILKINSON, Unit Librarian;
SHERMAN BELL, Classification Director,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CV-584
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

    Ivery Traveno Williams, Texas prisoner No. 183233, moves

this court to supplement the district court record.  The motion

is DENIED.  Williams has appealed the district court's dismissal

of his civil rights complaint as frivolous.  Williams argues that

Texas Department of Criminal Justice (TDCJ) law librarian Brenda

Wilkinson violated his right of access to the courts by denying

him face-to-face legal visits with TDCJ inmate James Lewis; that

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the Texas Parole Board violated his due process rights by reviewing his eligibility for parole every two years instead of annually; that Ms. Wilkinson retaliated against Williams; and that TDCJ Classification Director Sherman Bell assigned Williams to the wrong prison classification and computed his sentence incorrectly.

Williams does not have a right to provide legal assistance to or to receive legal assistance from Inmate Lewis. Bounds v. Smith, 430 U.S. 817, 828 (1976); Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996). We do not address Williams's argument concerning the Texas Parole Board because he did not raise this issue in the district court. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Williams has not offered evidence or alleged a chronology of events that supports his claim that Ms. Wilkinson retaliated against him. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Williams's claims that Mr. Bell assigned him to the wrong prison classification and miscomputed his sentence are not cognizable under 42 U.S.C. § 1983 because they implicate the duration of Williams's confinement. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc).

AFFIRMED; MOTION TO SUPPLEMENT THE RECORD DENIED.