United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41234
Summary Calendar

IVERY TRAVENO WILLIAMS,

Plaintiff-Appellant,

v.

RISSI OWENS, Chairperson, Parole Review Board; DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,
Classification and Records; LARRY MCCADDEN, Correctional Officer 5;
BRANDOLYN R. WHITAKER, Correctional Officer 3; DARRELL FERGUSON,
Sergeant, Michael Unit; BRAD LIVINGSTON; CHRISTINA M. CRAIN;
CHRISTINA MELTON CRAIN; DOUGLAS DRETKE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-420
--------------------

Before DAVIS, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ivery Traveno Williams, Texas prisoner No. 183233, appeals the
dismissal of his civil rights complaint as frivolous and for
failure to state a claim. Williams moves for appointment of
appellate counsel and he requests permission to file a supplemental
brief and supporting exhibits. The motions are denied.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Proceeding pro se and in forma pauperis (IFP), Williams filed suit challenging the constitutionality of the procedures used to determine his eligibility for parole and alleging that Texas Department of Criminal Justice (TDCJ) Officers McCadden and Whitaker and Sergeant Ferguson had subjected him to false disciplinary charges, harassment, and retaliation.

The district court did not err in determining that Williams's claims concerning the procedures used to determine his eligibility for parole do not involve a constitutional right. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). We likewise find no error in the determination that Williams's allegations concerning Officers McCadden and Whitaker and Sergeant Ferguson do not state a constitutional violation. Williams's claims concerning the alleged denial of outdoor exercise are frivolous.

In addition to the instant complaint, at least two prior complaints filed by Williams have been dismissed as frivolous by the district court. In Williams v. Garrett, No. 3:04-CV-548-R (N.D. Tex. May 10, 2004), the district court dismissed as frivolous a petition for writ of mandamus filed by Williams and we dismissed the appeal for want of prosecution. In Williams v. Wilkerson, No. 03-40680 (5th Cir. Oct. 21, 2003), we affirmed the district court's dismissal as frivolous of a civil rights complaint filed by Williams.

Consequently, Williams has accumulated at least three strikes under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Williams is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED.