# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31092

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2015

Lyle W. Cayce
Clerk

MARIA AIDE DELGADO,

Plaintiff-Appellant

v.

UNITED STATES MARSHALS; JOHN DOE, #1 Department of Corrections Employee; JOHN DOE, #2, Captain at Iberia Parish Jail; SHERIFF OF IBERIA PARISH; WARDEN IBERIA PARISH JAIL,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CV-347

Before JONES, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maria Aide Delgado, federal prisoner # 68452-179, filed the instant 42 U.S.C. § 1983 suit to raise numerous claims concerning the conditions she encountered at the Iberia Parish Jail (IPJ). The district court dismissed her suit pursuant to 28 U.S.C. § 1915 after determining that it was frivolous and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31092

failed to state a claim upon which relief could be granted.  Now, she moves for authorization to proceed in forma pauperis (IFP) on appeal.

By moving to proceed IFP, Delgado is challenging the district court's certification that her appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  The appeal may be dismissed if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.  We conduct a de novo review of the district court's dismissal of Delgado's claims.  *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Delgado has not shown that the district court erred when it concluded that her appeal was not taken in good faith.  To raise a cognizable § 1983 claim, one must show that a state actor was personally involved with a violation of his constitutional rights or that the state actor's conduct resulted in such a violation.  *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008).  Consequently, insofar as Delgado argues that others' rights were infringed, these arguments do not show that the instant appeal is taken in good faith.  *See id.*  We decline to consider those claims argued in Delgado's brief that were not raised in the district court, such as her claims concerning the programs available at IPJ. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

Delgado notes that she raised an access to courts claim in the district court but fails to identify any error in the district court's reasons for rejecting this claim.  Accordingly, she has not shown that she has a nonfrivolous appellate claim concerning the denial of access to courts.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 14-31092

Delgado has not shown that she will raise a nonfrivolous claim concerning the conditions of her confinement. The Constitution neither requires prison facilities to be comfortable nor permits such institutions to be "inhumane." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Accordingly, subjecting inmates to "restrictive and even harsh" conditions does not implicate the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Delgado presents several arguments concerning the conditions she encountered at IPJ, including allegations of unclean and poorly maintained facilities, cold food, poor-quality linens, and limited toilet paper. Although the circumstances Delgado faced at IPJ may well have been unpleasant, her allegations do not show that conditions at IPJ were "inhumane." *See Farmer*, 511 U.S. at 832. Additionally, she does not allege that she suffered any injury due to these conditions. *See* 42 U.S.C. § 1997e(e); *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003).

Insofar as Delgado argues that she did not receive prompt medical attention for injuries sustained when other inmates were fighting, she has not stated a viable deliberate indifference claim with respect to these injuries because she does not allege that any of the defendants even knew she was injured, much less that they ignored her serious medical needs. *See Mesa*, 543 F.3d at 274. Delgado's complaint that her repeated requests to be transferred to another facility were denied does not show a nonfrivolous appellate claim because she "has no constitutional right to be incarcerated in the facility of [her] choice." *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Finally, her contention that the district court should have held an evidentiary hearing is unavailing because she was permitted to amend her complaint. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

No. 14-31092

Delgado has failed to show that her appeal involves any arguably meritorious issue. *See Howard*, 707 F.2d at 220. Accordingly, her motion for leave to proceed IFP on appeal is denied, and this appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The district court's dismissal of Delgado's § 1983 complaint and our dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). We warn Delgado that once she accumulates three strikes, she may not proceed IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.