# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20394
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2018

Lyle W. Cayce
Clerk

SAMUEL JEDEDIAH BURLESON,

Plaintiff-Appellant

v.

JEANIA PEGODA, Librarian V; DONNA L. COOK, Administrator Assistant
IV; TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1280

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Samuel Jedediah Burleson, Texas prisoner # 1398100, appeals the
district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint
pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which
relief could be granted.  Burleson argued that the prison's policy of not allowing
him to access or possess the Uniform Commercial Code, the Texas Business

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 17-20394

and Commerce Code, and other materials violated his First Amendment rights, including his right of access to courts.  He also argued that the defendants harassed and retaliated against him for exercising his First Amendment rights.  We review the district court's dismissal pursuant to § 1915(e)(2)(B)(ii) de novo.  *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).  We do not consider, however, the newly raised facts or claims that are raised in Burleson's appellate brief.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).  Further, claims not raised on appeal that were raised by Burleson in the district court are considered abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

As demonstrated by the exhibits attached to Burleson's § 1983 complaint, prison officials concluded that an inmate's possession of certain classes of legal materials and documents was problematic because the materials and documents could be used by inmates in fraudulent schemes.  In light of the deference given to the determinations of prison officials, Burleson has not shown that the policy is not rationally related to a legitimate penological interest.  *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003); *Brewer v. Wilkinson*, 3 F.3d 816, 821-22 (5th Cir. 1993).

Further, although prisoners have a constitutionally protected right to access the courts under the First Amendment, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), a prisoner's right of access to courts "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (internal quotation marks and citation omitted).  Burelson has raised no coherent argument, in either the district court or this court, demonstrating that he was denied the opportunity to file a nonfrivolous

2

No. 17-20394

legal claim challenging his convictions or a condition of confinement as a result of the defendants' actions.  Moreover, because Burleson failed to demonstrate a violation of a constitutional right, the district court did not err in determining that his retaliation claim failed to state a claim upon which relief could be granted.  *See Jones v. M.L. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996).

Burleson's appeal lacks arguable merit and is DISMISSED AS FRIVOLOUS.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.  Our dismissal of the instant appeal and the district court's dismissal of Burleson's complaint count as two strikes for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Burleson has received at least one other strike.  *See Burleson v. TDCJ-Estelle Unit*, No. 4:17-cv-1377 (S.D. Tex. May 5, 2017); *Burleson v. TDCJ-Estelle Unit*, No. 4:16-cv-1906 (S.D. Tex. Aug. 8, 2016).  As Burleson now has at least three strikes, he is BARRED from proceeding in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).  Burleson is also reminded of the monetary sanction and sanction warning imposed in *In re Burleson*, No. 17-50882 (5th Cir. Jan. 17, 2018).  Finally, Burleson's motions for injunctive relief, a restraining order, to waive the appellate filing fee in *Burleson v. W.J. Estelle Unit*, No. 17-20400, to remove his strikes so he can file an appeal in that case, and for judicial notice are DENIED.

APPEAL DISMISSED; § 1915(g) BAR IMPOSED; MOTIONS DENIED.